UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PNA Bank, f/k/a Alliance FSB, a Federally Chartered Savings Bank, ) ) ) | Court of Cook County, Illinois, County Department, Chancery Division No. 2008 CH 25809 |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 08 cv 4153 Judge Grady |
| Open Solutions, Inc. is a Delaware corporation, as successor in interest to BISYS, Inc., a Delaware corporation, ) ) ) ) | Magistrate Judge Brown |
| Defendant. ) ) | |

## AMENDED NOTICE OF REMOVAL

Defendant Open Solutions Inc. ("Open Solutions"), by its attorney, Brandon L. Spurlock, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Open Solutions states as follows:

1. On July 17, 2008, Plaintiff PNA Bank ("PNA Bank") filed a Verified Complaint ("Complaint") styled, *PNA Bank v. Open Solutions, Inc.*, No. 2008 CH 25809 in the Circuit Court of Cook County, Illinois, Chancery Division ("State Action"). On July 21, 2008, Open Solutions was served with a copy of Plaintiff's Complaint and Summons, copies of which are attached hereto as Exhibit 2.

2. Open Solutions provides electronic data processing software and services to PNA Bank pursuant to a Services Agreement entered into in March 1999, which includes amendments and an addendum thereto (the "Agreements"). (Complaint ¶¶ 4-9.)

3. Plaintiff seeks to terminate the Agreements, and pursuant to the termination provisions in the Services Agreement, PNA Bank demands that Open Solutions provide

1

reasonable and necessary assistance with the deconversion of Plaintiff's data.  (*Id.* ¶ 9.) According to Section 9(B) of the Services Agreement, "[PNA Bank] shall pay [Open Solutions] for Deconversion assistance in accordance with [Open Solutions'] ***then current*** Deconversion rate schedule." (*Id.* at Exhibit A, Section 9(B)) (emphasis added.)

4.  Based on PNA Bank's inaccurate and tortured reading of the Agreements, PNA Bank claims that the total cost of deconversion should be limited to only $26,258.42. (Complaint ¶ 15.)

5.  According to the current Deconversion rate schedule, however, and based on the services requested by PNA Bank, the actual value of Deconversion is well in excess of $75,000. *See* Affidavit of Paul Stuart attached hereto and incorporated herein as Exhibit 1.

6.  PNA Bank's Complaint contains two counts: Count I for "Specific Performance" and Count II for "Declaratory Judgment." The allegations underlying both counts of the Complaint focus on PNA Bank's demand that Open Solutions deconvert Plaintiff's data at a cost significantly less than the amount dictated by the Agreements.

**There is Diversity Jurisdiction in this Matter**

7.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.  The State Court Action is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. First, complete diversity of citizenship exists between the parties. According to the Complaint:

   a. Plaintiff PNA Bank is a federally charted savings bank. (Complaint ¶ 1.) Pursuant to federal statute "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. PNA Bank has its branches in Chicago and Niles, Illinois. *Id.* at Exhibit F; *see also* http://www.pnabank.net/locations.html. Thus, for purposes of 28 U.S.C. § 1332, PNA Bank is a citizen of Illinois.

   b. Defendant Open Solutions is a Delaware corporation. (Complaint ¶ 2.) Open Solutions has its principal place of business in Glastonbury, Connecticut and, for purposes of 28 U.S.C. § 1332, is deemed a citizen of Delaware and Connecticut.

10. Second, although Plaintiff's Complaint does not pray for specific monetary relief in excess of $75,000, it is clear that the amount in controversy exceeds this jurisdictional sum or value, exclusive of interest and costs.

11. The general federal rule is to decide the amount in controversy from the complaint itself. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 269 (2nd Cir. 2000). But where, as here, a complaint fails to set forth the necessary amount in controversy, the district court looks to the removal petition to determine if the jurisdictional amount is satisfied. *Id.* If the notice of removal demonstrates that "there is a reasonable possibility that the plaintiff can recover more than [$75,000.00] on [its] claim, the jurisdictional minimum is satisfied." *Ball v. Hershey Foods Corp.*, 842 F. Supp. 44, 47 (D. Conn. 1993), *aff'd*, 14 F.3d 591 (2nd Cir. 1993) ("[T]he burden of showing that the requisite amount is actually at issue [internal citations omitted] . . . is not a heavy one."); *see also Mehlenbacher*, 216 F.3d at 269 (removing party must show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount").

12. "In an equitable action, the amount in controversy is measured by the value of the object of the litigation." *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995); *see also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1018 (7th Cir. 2004) (the cost to the defendant of complying with an injunction counts toward the jurisdictional minimum.)

13. In its Complaint, Plaintiff seeks an order from the court to direct Open Solutions to specifically perform deconversion services pursuant to the Agreements, and according Open Solutions' current prices, the costs of such services is in excess of $75,000. (Affidavit ¶¶ 3-4.) Moreover, almost all deconversion projects include tasks specific to the customer, which can materially increase the costs of deconversion services. (*Id.* ¶ 4.)

14. In addition, Plaintiff's Complaint seeks attorneys' fees pursuant to the Service Agreement's addendum, which allows for the substantially prevailing party to seek its litigation costs and attorneys' fees. (Complaint ¶ 12.) Open Solutions also intends to seek its attorneys' fees should it prevail in this litigation as expected. Such attorneys' fees may be included in the jurisdictional sum if they are allowed by statute or provided for by contract. *See Martin v. Granite City Steel Corp.*, 596 F. Supp. 293, 296 (S.D. Ill. 1984). Therefore, notwithstanding that, alone, the value of the equitable relief sought is no less than $75,000, when attorneys' fees are included; there is absolutely no question that the jurisdictional amount exceeds $75,000.

15. Further, the Services Agreement also requires PNA Bank to make "all other payments which are due, and which will become due pursuant to the provisions of this Agreement [and] shall be paid to [Open Solutions] prior to the delivery of such Client Files." (Complaint, Exhibit A, Section 9(B).) Open Solutions estimates that amounts which will become due, irrespective of standard deconversion fees, will be approximately $95,854.38, and this amount more than likely will be in controversy during this litigation. (Affidavit ¶ 5.)

**Open Solutions Has Complied with Removal Procedures**

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of Open Solution's receipt of the initial pleading setting forth Plaintiff's claim for relief upon which this action is based.

17. Pursuant to 28 U.S.C. § 1446(a), Open Solutions, as the removing defendant in this action, has attached to this Notice of Removal copies of all process, pleadings, and orders served upon or filed by it.

18. By filing this Notice of Removal, Open Solutions does not waive any defenses to the claims asserted by Plaintiff which may be available to it, or concede that Plaintiff has stated any claim upon which relief can be granted.

19. Open Solutions further represents that this Notice of Removal will be served on Plaintiff's counsel as indicated on the attached Certificate of Service.

20. A copy of this Notice of Removal will be filed with the Circuit Court of Cook, County, Illinois, Chancery Division.

WHEREFORE, Open Solutions Inc. prays that this cause be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

**OPEN SOLUTIONS INC.**

By: /s Brandon L. Spurlock
Brandon L. Spurlock
LAW OFFICES OF BRANDON L. SPURLOCK, LLC
225 West Washington Street, Suite 2200
Chicago, Illinois 60606
Tel (312) 924-0239
Fax (312) 924-0201
ARDC # 6278500

5